# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

TERRY ROGERS,                    )
                                 )
    Claimant/Appellant,          )
                                 )          Appeal No.
                                 )          01-A-01-9803-BC-00160
VS.                              )
                                 )          Claims Commission
                                 )          No. 102464
STATE OF TENNESSEE,              )
                                 )
    Defendant/Appellee.          )


APPEALED FROM THE TENNESSEE CLAIMS COMMISSION
MIDDLE DIVISION

THE HONORABLE W. R. BAKER, COMMISSIONER


HARRY A. WIERSEMA, JR.
422 S. Gay Street
Knoxville, Tennessee 37902
    Attorney for Claimant/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

MARY G. MOODY
Senior Counsel
425 Fifth Avenue North
Nashville, Tennessee 37243
    Attorney for Defendant/Appellee


REVERSED AND REMANDED



BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# MEMORANDUM OPINION[1]

This is a dispute over whether the Claims Commission should have set aside its order to dismiss the claim because an attorney of record for the claimant was not notified of the motion to dismiss. We find, however, that the order of dismissal was not validly entered according to Rule 58, Tenn. R. Civ. Proc. We, therefore, remand the cause to the Commission for consideration of the State's motion to dismiss for failure to prosecute.

On September 27, 1991, Michael Walker, an attorney from Jamestown filed a notice of claim with the Division of Claims Administration on behalf of Terry Rogers. The notice alleged that Mr. Rogers was injured in a bicycle accident because of an unsafe and dangerous condition on a state highway. On January 6, 1992 the Division of Claims Administration transferred the claim to the Claims Commission.

At some point, attorneys Harry Wiersema and Michael Walker filed a "Claim in the Nature of Complaint" in the Claims Commission on behalf of Terry Rogers and wife Lisa Rogers. The State filed an answer on May 4, 1992.

On January 21, 1997 the Commissioner signed an order relieving Michael Walker from further responsibilities in the case. Mr. Walker signed the order and approved it for entry.

On December 16, 1997 the State moved to dismiss the claim for the failure to prosecute. The motion contained a certificate that it had been sent to Mr. Rogers. The certificate did not mention Mr. Wiersema nor Mrs. Rogers. On March

---

[1]Rule 10(b) of the Rules of the Court of Appeals reads as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

3, 1998 the Commissioner dismissed the claim. The certificate on the order shows a copy to the Assistant Attorney General and Mr. Rogers -- not to Mr. Wiersema nor to Mrs. Rogers.

The statutes creating the Claims Commission provide that its proceedings "shall be conducted pursuant to Rules of the Tennessee Rules of Civil Procedure where applicable . . . ." Tenn. Code Ann. § 9-8-403. Rule 58 provides:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

In our opinion the order dismissing the claim was not validly entered because it was not signed by all parties or counsel nor did it contain a certificate that a copy of the order had been served on all parties or counsel.

We therefore vacate the order dismissing the claim and remand the cause to the Claims Commission for reconsideration of the motion to dismiss for failure to prosecute. Tax the costs on appeal to the State.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

- 3 -

_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE